UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                         v.

ERIC HENNINGS,

                         Defendant.

                      ORDER
                      95-CR-010A

---

## INTRODUCTION

Currently before the Court is a *pro se* motion by the defendant, Eric Hennings, for amendment of his presentence investigation report ("PSR"). For the reasons stated, the motion is denied.

## BACKGROUND

The defendant was indicted in October 1995 on charges of narcotics trafficking, using a communication facility to facilitate narcotics trafficking activity, and engaging in a continuing criminal enterprise.

On March 19, 1997, the defendant pleaded guilty to engaging in a continuing criminal enterprise. The United States Probation Office prepared the PSR. On September 21, 1998, the defendant's counsel filed a statement with respect to sentencing factors wherein he stated that he had "no objection to the

1

factual findings and calculations" set forth in the PSR.

On October 14, 1998, this Court sentenced the defendant to a term of imprisonment of 204 months, to be followed by a term of 5 years of supervised release. The defendant did not file an appeal.

On May 11, 2004, the defendant filed a motion to amend the PSR. In his motion, the defendant seeks to amend ¶ 62 of the PSR to reflect that the he did use drugs within one year before his incarceration. Defendant states that modification is necessary in order to permit him to participate in Bureau of Prisons' drug treatment program. The defendant also seeks amendment of the judgment to recommend participation in the drug treatment program.

On May 18, 2005, the government filed a response to the instant motion. Oral argument was deemed unnecessary.

## DISCUSSION

This Court lacks jurisdiction to grant the defendant's motion to amend his PSR. In United States v. Giaimo, 880 F.2d 1561 (2d Cir. 1989), the Second Circuit held that Rule 32 of the Federal Rules of Criminal Procedure "does not give a district court jurisdiction to correct inaccuracies in a [PSR] after a defendant has been sentenced." Id. at 1563; see also United States v. Angiulo, 57 F.3d 38, 41 (1st Cir. 1995) (holding that Rule 32 does not grant jurisdiction to the district court to conduct a postsentence review of the PSR).

Nor does this Court have jurisdiction to amend the judgment to recommend placement in the drug treatment program. Rule 36 authorizes this Court to correct a "clerical error" in a judgment, order or other part of the record. However, the omission of a recommendation for treatment in the drug treatment program was not the result of a "clerical error" in the judgment. Instead, the Court did not recommend placement because the Court did not believe that circumstances warranted such a recommendation. Accordingly, Rule 36 provides no relief to the defendant.

## CONCLUSION

The defendant's motion for amendment of his PSR and/or the judgment is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
Hon. Richard J. Arcara
Chief Judge
United States District Court

Dated: May   24   , 2005